**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:06CV68-C**

| | | |
|---|---|---|
| **VARNELL, STRUCK & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER FOR MEDIATED** |
| **v.** | ) | **SETTLEMENT CONFERENCE** |
| | ) | **AND STAYING PROCEEDING** |
| | ) | |
| **LOWE'S COMPANIES, INC.,** | ) | **[UNDER SEAL]** |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Seal Case" (document #1) and "Motion to Abate to Allow Mediation" (document #8), both filed June 2, 2006, and defense counsel having informed chambers' staff telephonically that the Defendant consents to this matter being <u>stayed</u> pending mediation and joins in the Plaintiff's request that this matter be <u>sealed</u>, and it further appears that the parties have agreed upon Mr. Gary S. Hemric as mediator. Accordingly, the Plaintiff's Motions will be <u>granted</u>.

**IT IS THEREFORE ORDERED**:

1. Mr. Gary S. Hemric, James, McElroy & Diehl, 600 South College Street, Suite 3000, Charlotte, NC 28202, telephone number (704)372-9870, is appointed mediator to conduct a mediated settlement conference in the above matter.

2. Mr. Hemric shall be responsible for procuring preliminary information from counsel, for reserving a place and making arrangements for the conference(s), and for giving timely notice thereof to counsel.

3.  The required settlement conference shall commence **on or before September 30, 2006**. Thereafter, the parties shall be diligent and responsive in seeking to bring the mediation to a prompt and mutually beneficial conclusion.  Provided, however, upon agreement of counsel, the mediation <u>may</u> be continued from time to time until the end of the discovery period.

4. The following persons shall attend the mediated settlement conference <u>in person</u>**:**

   a. For an individual party, that party; or for a corporate party, an officer, director, or employee having authority to settle the claim;

   b. The parties' principal counsel of record, if any; and

   c. For any party against whom a claim is made that is covered in whole or in part by an insurance policy, a representative of the insurance carrier is <u>not</u> such carrier's outside counsel and has full authority to settle the claim.

5. Costs of mediation shall be borne equally by the parties.

6. At the conclusion of the mediation required by this Order, the mediator shall promptly notify the Court, in writing, whether and to what extent the issues raised in this case have been resolved.

7.  The Plaintiff's "Motion to Abate to Allow Mediation" (document #8) is **GRANTED** and this matter is **STAYED** pending the outcome of the mediated settlement conference.

8.  The Plaintiff's "Motion to Seal Case" (document #1) is **GRANTED** and the Clerk is directed to **SEAL** this case.

9. <u>The Clerk of Court is further directed to send a copy of this Order to Mr. Hemric and  to counsel for the parties, including Defendant's counsel, Gregory J. Murphy, Moore and Van Allen,</u>

Bank of America Corporate Center, Suite 4700, 100 North Tryon Street, Charlotte, NC 28202-

4003.[1]

     **SO ORDERED.**

                         Signed: June 23, 2006

                       Carl Horn, III
                       United States Magistrate Judge

---

[1]The Defendant has not answered the Complaint and, accordingly, Mr. Murphy is not yet listed as counsel of record in the Court's Case Management and Electronic Case Filing system. The Court advises Mr. Murphy that he should promptly enter his appearance so that he will receive future electronic notifications in this matter.