# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06 CV 68-C

| | |
|---|---|
| VARNELL STRUCK & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., <br><br> Defendant | **CONSENT PROTECTIVE ORDER** |

THIS CAUSE, coming on before the undersigned Judge upon the motion of Defendant Lowe's Companies, Inc. ("Lowe's"), with the consent of Plaintiff Varnell Struck & Associates, Inc. ("VSA"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby approves and enters the following Protective Order:

1. The "Litigation" shall mean the above-captioned case, *Varnell Struck & Associates, v. Lowe's Companies, Inc.*, Case No. 5:06 CV 68-C.

2. "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this Litigation.

3. "Producing Party" shall mean any party or nonparty person or entity that provides, serves, files, or produces any nonpublic information in connection with this Litigation.

4. Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contain either: (1) non-public commercial, financial, or proprietary information; or (2) non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical and banking information may be designated "Confidential'" by the Producing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that reference to any category or type of Discovery Material above is not intended to and shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5. Confidential Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL."

6. CONFIDENTIAL information and documents shall be maintained in strict confidence by the Parties who receive such documents or information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a) The United States District Court for the Western District of North Carolina (the "Court") and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters and videographers);

(b) The attorneys of record in this Litigation and their partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(c) A party, or a former or present officer, director, or employee of a party deemed necessary by counsel for the prosecution, defense, or settlement of this Litigation;

(d) Subject to the terms of Paragraph 9 below, third party witnesses, other than former officers, directors and employees of the Parties, deemed necessary by counsel for the prosecution, defense or settlement of this Litigation;

(e) Subject to the terms of Paragraph 9 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

(f) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(g) Any other person as to whom the parties may agree in writing.

7. A Producing Party may, in good faith, designate Discovery Materials containing highly confidential trade secret or competitive information as "HIGHLY CONFIDENTIAL – COUNSEL ONLY." Discovery Materials designated "HIGHLY CONFIDENTIAL – COUNSEL ONLY" shall be referred to herein as "Highly Confidential Discovery Materials." Highly Confidential Discovery Materials may be designated HIGHLY CONFIDENTIAL – COUNSEL ONLY by marking or stamping the page or pages containing such information as "HIGHLY CONFIDENTIAL – COUNSEL ONLY."

8. HIGHLY CONFIDENTIAL – COUNSEL ONLY information and documents shall be maintained in strict confidence for use by Outside Counsel for the Parties and shall be used solely for the purposes of this Litigation. HIGHLY CONFIDENTIAL – COUNSEL ONLY information and documents shall not be disclosed to any person except those listed in Paragraph 6, subparagraphs (a), (b), (e), and (f). HIGHLY CONFIDENTIAL – COUNSEL ONLY information and documents may only be disclosed to persons listed in Paragraph 6, subparagraphs (c) and (d) to the extent

necessary during their testimony in depositions or court proceedings. In the event a party intends to disclose a Producing Party's HIGHLY CONFIDENTIAL – COUNSEL ONLY information during a deposition or court proceeding to someone other than a person listed in Paragraph 6, subparagraphs (a), (b), (e) or (f) or a person who did not prepare or previously receive such information and is not an employee or consultant of the Producing Party, the opposing party shall give two (2) business days advance notice to the Producing Party.

9. With respect to outside experts and third parties, including third party witnesses, the expert or individual must be provided with a copy of this Order and must sign a Certification in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The party on whose behalf such a Certification is signed shall retain the original Certification. Notwithstanding any other provision herein, nothing shall prevent a party from revealing CONFIDENTIAL or HIGHLY CONFIDENTIAL -- COUNSEL ONLY information to a witness who created or previously received such information.

10. If a Producing Party, through inadvertence, produces any CONFIDENTIAL or HIGHLY CONFIDENTIAL -- COUNSEL ONLY document or information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL -- COUNSEL ONLY information and should be treated as such in accordance with the provisions of this Order.

11. A Producing Party may designate as "Confidential" or "Highly Confidential – Counsel Only" any portion of a deposition transcript that contains Confidential or Highly Confidential Discovery Material. The Producing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential or Highly Confidential Discovery Material, either orally at the deposition or in writing no later than ten (10) days of receipt of the transcript. Until the end of the ten (10) day period, the parties shall treat the entire transcript as Confidential Discovery Material. The court reporter shall mark Confidential or Highly Confidential – Counsel Only on the face of the transcript at the beginning and end of any portions thereof so designated. Copies of the transcript for counsel's use may contain the confidential or highly confidential testimony and other testimony in a single volume.

12. If CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, including any portion of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL ONLY, is included in any papers to be filed with the Court, such Discovery Material shall be filed separately under seal. Filing under seal shall be without prejudice to any party's right to argue that such document is not confidential and need not be preserved under seal.

13. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding. All parties reserve the right to challenge the designation of documents, materials, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL ONLY.

14. If at any time a party objects to a designation of Discovery Material as

confidential or highly confidential under this Order, the objecting party shall notify the Producing Party in writing. The objecting party shall identify the Discovery Materials in question and shall specify in reasonable detail the reason or reasons for the objection. Within ten days of the receipt of such notice, the Producing Party and objecting party shall meet and confer in an effort to resolve their disagreement. If the parties cannot resolve their disagreement, the objecting party may apply within fifteen calendar days for a ruling from the Court on the Producing Party's designation of the Discovery Materials as confidential or highly confidential. While any such application is pending, the documents or material subject to that application will remain confidential or highly confidential until the Court rules. If the objecting party does not apply to the Court for a ruling within the time period prescribed herein, the Discovery Materials will remain confidential or highly confidential until deemed otherwise by the Producing Party. In any court review, the producing party shall have the burden of showing that the document or information is confidential or highly confidential pursuant to this Order. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any document as confidential or highly confidential, or preventing any party from seeking further protection for any material it produces in discovery.

15. This Order shall not be construed to prevent any party from making use of or disclosing information that was lawfully obtained by a party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from disclosing its own CONFIDENTIAL or HIGHLY CONFIDENTIAL information as it deems appropriate.

16. This Order shall survive settlement, judgment or other disposition or

conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. The ultimate disposition of any materials produced hereunder shall be subject to a final order of the Court upon completion of the litigation.

17. This Confidentiality Agreement may be modified by mutual agreement of the Parties. Such modification shall be in writing, signed by all Parties.

Signed: January 10, 2007.

Hon. Carl Horn, III
U.S. Magistrate Judge

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:06 CV 68-C

| | |
|---|---|
| VARNELL STRUCK & ASSOCIATES, INC., | ) ) ) ) |
| Plaintiff, | ) ) **CONSENT PROTECTIVE ORDER** |
| vs. | ) **CERTIFICATION** ) |
| LOWE'S COMPANIES, INC., | ) ) |
| Defendant | ) |

## CERTIFICATION

The undersigned hereby certifies that he/she has read the Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

Name: _____

Date: _____