# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:06CV68-C

| | |
|---|---|
| **VARNELL, STRUCK & ASSOCIATES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **LOWE'S COMPANIES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Unseal Case" (document #39) filed April 5, 2007. The Defendant filed its ". . . Response to Plaintiff's Motion to Unseal Case" (document #41) on April 19, 2007. The Plaintiff has not filed a reply and the time for doing so has expired.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having carefully reviewed the pleadings, record, and applicable authority, the Court will grant the "Plaintiff's Motion to Unseal Case" (document #39), as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action arises from the termination of two written contracts and an alleged oral contract between the Plaintiff Varnell Struck & Associates, Inc., a Georgia corporation., and Defendant Lowe's Companies, Inc., a North Carolina corporation. The Defendant is a national retailer with nearly 150,000 full-time employees and a market capitalization of almost $50 billion. Although

considerably smaller, the Plaintiff is also a substantial business, which in 2004-05, when the events allegedly giving rise to its claims occurred, had 900 employees in 48 states, annual revenue of more than $40 million, and a market value of $50 million.

Sometime in 1995, the parties entered into a contract pursuant to which the Plaintiff provided "in-store merchandising services" for the Defendant, which means in layman's terms that the Plaintiff managed the presentation and display of certain types of products within the Defendant's stores. Initially, the Plaintiff provided these services for lighting and ceiling fan products ("Fashion Lighting"), and later for an expanded array of products, including building materials (collectively referred to as "BMS"). The Plaintiff provided these services pursuant to a series of written contracts, each of which contained a provision allowing the Defendant to terminate the contract upon 60 days written notice to the Plaintiff.

In early 2005, the Defendant solicited bids from the Plaintiff and some of the Plaintiff's competitors for the BMS business. On March 22, 2005, the Defendant terminated the BMS contract with the Plaintiff and awarded the BMS business to DDP Holdings, Inc. In July 2005, the Defendant also solicited bids on the Fashion Lighting business, subsequently awarded that account to National Product Services, and terminated the Fashion Lighting contract with the Plaintiff.

The Plaintiff alleges that as a result of losing the BMS and Fashion Lighting contracts, it was "destroyed" and its stock rendered "worthless."

On June 2, 2006, the Plaintiff filed its Complaint, alleging eight state law claims and seeking compensatory damages in excess of $75,000, plus punitive damages, treble damages, and attorneys' fees. Simultaneously with its Complaint, <u>the Plaintiff</u> filed a ". . . Motion to Provisionally Place Complaint Under Seal," citing the confidentiality provisions in its subject contracts with the

Defendant. While the Plaintiff did not believe the relevant information was proprietary, confidential, or trade secret information otherwise entitled to confidential treatment, it nonetheless stated:

> in fairness to Lowe's, Plaintiff believes Lowe's should have an opportunity to be heard on the matter before the agreements are placed in the public domain. Accordingly, Plaintiff requests that the court enter a preliminary Order temporarily sealing the Complaint and exhibits thereto until such time as Lowe's, after appearing, has an opportunity to show good cause at a hearing why the Complaint and exhibits thereto should remain under seal.

On June 23, 2006, the Court granted the Motion to Seal, directing the Clerk to seal the case.

On January 10, 2007, the undersigned recommended to the Honorable Robert J. Conrad, Jr. that the Defendant's Motion to Dismiss the Plaintiff's claims for unfair and deceptive trade practices (Counts IV and V), tortious interference with contract (Count VI), negligent misrepresentation (Count VII), and fraud (Count VIII) be granted. On January 12, 2007, the undersigned also entered a "Consent Protective Order" which affords the parties the ability to designate discovery materials containing confidential, trade secret or competitive information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL ONLY."

The parties subsequently jointly moved to stay the discovery deadlines while the District Court considers the Plaintiff's Objections to the Memorandum and Recommendation, and a stay was entered on April 5, 2007.

## II. DISCUSSION OF CLAIMS

In the subject Motion, the Plaintiff argues that this case should be unsealed because the "Protective Order affords Defendant all the safeguards needed to protect proprietary, confidential, and trade secret information for the remainder of this case and no legitimate purpose is served by keeping the case under seal." In addition, the Plaintiff notes the burden that manual filing places on

parties and the Clerk of Court in this age of electronic filing. Specifically, the Plaintiff is not local and his attorneys must travel to Charlotte to file documents which increases the time and expenses devoted to this case.

In response, the Defendant argues that while the Protective Order does safeguard the confidentiality of discovery materials, it does not apply to Court filings. Further, the Defendant points out that the Plaintiff could mail or use an overnight courier service rather than personally filing documents to minimize the burden of not being able to file electronically. Finally, the Defendant reiterates the confidentiality agreement in the written agreements between the Plaintiff and the Defendant. The confidentiality agreement protects "*any non-public information* regarding Lowe's marketing, business, pricing, customers, vendors, and employees, as well as any information regarding the parties' contracts or their terms."

In considering these opposing positions, the arguments for unsealing this case are more persuasive. First, the burden that sealing a case places on the Clerk of Court is significant, and should not be allowed except when truly necessary to protect the parties' interests. The Defendant has not provided sufficient justifications to impose this burden. The Protective Order in place will protect any documents produced in discovery. Of course, the Protective Order does not apply to documents filed with the Court, but should circumstances require, the Defendant is free to seek leave to seal an individual filing. And finally, although not dispositive of the issue, the Court notes the burden that manual filing places on an out-of-state party.

For these reasons, and for the additional reasons stated in the Plaintiff's Motion, the "Plaintiff's Motion to Unseal Case" will be <u>granted</u>.

### III.  ORDER

**NOW THEREFORE, IT IS ORDERED**:

1.  The "Plaintiff's Motion to Unseal Case" (document #39) is **GRANTED**.

2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: May 4, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge

5