# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv68

| | |
|---|---|
| VARNELL, STRUCK & ASSOCIATES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ) |
| LOWE'S COMPANIES, INC., | ) ) ) |
| Defendant. | ) ) |
| _____ | |
| LOWE'S COMPANIES, INC., | ) ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ) |
| VARNELL, STRUCK AND ASSOCIATES, INC.; DAVID STRUCK; and JOHN VARNELL, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## PROTECTIVE ORDER

THIS MATTER coming on before the undersigned Judge upon Lowe's Companies, Inc. ("Lowe's") with the consent of Varnell, Struck & Associates, Inc. ("VSA"), David Struck ("Struck") and John Varnell ("Varnell") (collectively, the "Parties") Motion for Protective Order (#58), which is **ALLOWED**, and the following Protective Order is **ENTERED**:

1. The "Litigation" shall mean the above-captioned consolidated lawsuits, Varnell

Struck And Associates, Inc., v. Lowe's Companies, Inc., Case No. 5:06 CV 68 (the "Lead Case") and Lowe's Companies, Inc. v. Varnell Struck And Associates, Inc., David Struck, and John Varnell, Case No. 5:07-cv-104 (the "Consolidated Case").

2. This Protective Order shall supersede and replace the Consent Protective Ordered entered on January 10, 2007, in the Lead Case, as well as the Confidentiality Agreement entered into by the parties on January 25, 2008, in the Consolidated Case.

3. "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this Litigation.

4. "Producing Party" shall mean any party or nonparty person or entity that provides, serves, files, or produces any nonpublic information in connection with this Litigation.

5. Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contain either: (1) non-public sensitive, commercial, financial, or proprietary information; or (2) non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical and banking information, may be designated "Confidential'" by the Producing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that reference to any category or type of Discovery Material above is not intended to and shall not be construed as an

admission that the Discovery Material is not subject to an applicable privilege or protection, or that the Discovery Material is relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

6. Confidential Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL" or, in the case of Confidential Discovery Material that cannot be so stamped or marked, by letter identifying such materials as Confidential.

7. CONFIDENTIAL information and documents shall be maintained in strict confidence by the Parties who receive such documents or information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person or entity except:

(a) The United States District Court for the Western District of North Carolina or the United States Court of Appeals for the Fourth Circuit (the "Courts") and persons assisting the Courts or assisting in the Litigation process (including, but not limited to, court personnel, court reporters, stenographic reporters, and videographers);

(b) The attorneys of record in this Litigation and their partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(c) A Party, or a former or present officer, director, or employee of a Party deemed necessary by counsel for the prosecution, defense, or settlement of this Litigation;

(d) Subject to the terms of Paragraphs 8, 10, and 11 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

(e) Subject to the terms of Paragraph 11 below, support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(f) Any other person as to whom the Parties may agree in writing.

8. Subject to the following restrictions, a party may utilize Confidential Discovery Materials in the course of examining a witness during a deposition:

(a) During the deposition of any Party or any expert retained to testify on behalf of a Party in this litigation, the Party conducting the deposition may utilize Confidential Discovery Materials, provided that the Party or expert, prior to the utilization of such information, executes an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel conducting the deposition.

(b) During the deposition of any non-Party or non-expert witness, the Party conducting the deposition may only utilize Confidential Discovery Materials provided by (i) itself, (ii) the witness, or (iii) the witness' employer. A Party's use of

its own Confidential Discovery Materials during a deposition shall not standing alone constitute a waiver of the confidentiality of that information.

9. A Producing Party may, in good faith, designate Discovery Materials containing highly confidential trade secret or competitive information as "HIGHLY CONFIDENTIAL – COUNSEL ONLY." Discovery Materials designated "HIGHLY CONFIDENTIAL – COUNSEL ONLY" shall be referred to herein as "Highly Confidential Discovery Materials." Highly Confidential Discovery Materials may be designated HIGHLY CONFIDENTIAL – COUNSEL ONLY by marking or stamping the page or pages containing such information as "HIGHLY CONFIDENTIAL – COUNSEL ONLY" or, in the case of Highly Confidential Discovery Materials that cannot be so stamped or marked, by letter identifying such documents as Highly Confidential Discovery Materials.

10. Highly Confidential Discovery Materials shall be maintained in strict confidence for use by Outside Counsel for the Parties and shall be used solely for the purposes of this Litigation. Highly Confidential Discovery Materials shall not be disclosed to any person except those listed in Paragraph 7, subparagraphs (a), (b), (e) and (f). Highly Confidential Discovery Materials may only be disclosed to persons listed in Paragraph 7, subparagraphs (c) and (d) if deemed necessary by counsel for the prosecution, defense, or settlement of this Litigation and if, prior to the utilization of such information, those persons execute an undertaking in the form of Exhibit A. In the event a Party intends to disclose a Producing Party's Highly Confidential

Discovery Materials during a deposition or court proceeding to a person listed in Paragraph 7, subparagraph (c), or a person who did not prepare or previously receive such information and is not an employee or consultant of the Producing Party, the opposing party shall give two (2) business days advance notice to the Producing Party.

11.   With respect to persons listed in Paragraph 7, subparagraphs (c), (d), (e), and (f), such persons must be provided with a copy of this Order and must sign a Certification in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification. Notwithstanding any other provision herein, nothing shall prevent a party from revealing Confidential or Highly Confidential Discovery Materials to a witness who created or previously received such Confidential or Highly Confidential Discovery Materials.

12.   If a Producing Party, through inadvertence, produces any Confidential or Highly Confidential Discovery Materials without marking or designating them as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed Confidential or Highly Confidential Discovery Material and should be treated as such in accordance with the provisions of this Order. Any Party who has received such inadvertently produced materials that were not properly

marked, shall return all copies of the same to the Producing Party within five (5) days of receipt of the properly marked substitute copies.

13. When testimony is to be elicited during a deposition that is, or is likely to be, Confidential or Highly Confidential, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential or Highly Confidential Discovery Material shall be so designated at the beginning and end of the testimony containing Confidential or Highly Confidential Discovery Material, either orally at the deposition or in writing to the court reporter and counsel of record no later than twenty (20) days following receipt of the transcript. Until the end of the twenty (20) day period, the Parties shall treat the entire transcript as Confidential Discovery Material. Following the written designation of portion of the transcript as "Confidential" or "Highly Confidential — Counsel Only," any such portions of the transcript shall be bound separately from those portions that do not contain Confidential or Highly Confidential Discovery Material, and shall be marked with the following legend:

  THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE "CONFIDENTIAL" BY COUNSEL AND COVERED BY A PROTECTIVE ORDER — TO BE FILED WITH THE COURT UNDER SEAL;

or

  THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE "HIGHLY CONFIDENTIAL — COUNSEL ONLY" BY COUNSEL AND

COVERED BY A PROTECTIVE ORDER — TO BE FILED WITH THE COURT UNDER SEAL.

14. If Confidential or Highly Confidential Discovery Material, including any portion of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL ONLY, is included in any papers to be filed with the Court, such Confidential or Highly Confidential Discovery Material shall be filed separately under seal. Filing under seal shall be without prejudice to any Party's right to argue that such document does not constitute Confidential or Highly Confidential Discovery Material and need not be preserved under seal.

15. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not Confidential or Highly Confidential Discovery Material, subject to discovery, relevant, or admissible in evidence in any future proceeding. All Parties reserve the right to challenge the designation of any documents, materials, or testimony as Confidential or Highly Confidential under this Order.

16. If at any time a Party objects to a designation of Discovery Material as Confidential or Highly Confidential under this Order, the objecting party shall notify the Producing Party in writing. The objecting party shall identify the Discovery Materials in question and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) days of the receipt of such notice, the Producing Party and objecting party shall meet and confer in an effort to resolve their disagreement. If the Parties cannot resolve their disagreement, the objecting party may apply within

fifteen (15) calendar days for a ruling from the Court on the Producing Party's designation of the Discovery Materials as Confidential or Highly Confidential. While any such application is pending, the documents or material subject to that application will remain Confidential or Highly Confidential until the Court rules on the application. If the objecting party does not apply to the Court for a ruling within the time period prescribed herein, the Discovery Materials will remain Confidential or Highly Confidential until deemed otherwise by the Producing Party. In any court review, the Producing Party shall have the burden of showing that the document or information is Confidential or Highly Confidential pursuant to this Order. Nothing in this Order shall be construed as preventing any Party from objecting to the designation of any document as Confidential or Highly Confidential, or preventing any Party from seeking further protection for any material it produces in discovery.

17. This Order shall not be construed to prevent any party from making use of or disclosing information that was lawfully obtained by a party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from disclosing its own Confidential or Highly Confidential Discovery Material as it deems appropriate.

18. Any Party or person receiving Confidential or Highly Confidential Discovery Materials covered by this Order that receives a request or subpoena for production or disclosure of the Confidential or Highly Confidential Discovery Materials shall immediately give written notice to the Party who designated the information as Confidential or Highly Confidential ("the Designating Party") through the

Designating Party's counsel, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential or Highly Confidential Discovery Materials without consent of the Designating Party unless: (a) the Designating Party fails to seek relief from the subpoena or request in a timely manner as determined by any federal or state rules applying to such subpoena or request; or (b) notwithstanding the Designating Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

19. No person to whom Confidential or Highly Confidential Discovery Materials is disclosed by Outside Counsel shall make a copy of any Confidential or Highly Confidential Discovery Materials unless copying reasonably promotes the preparation for and trial of this litigation. Neither Outside Counsel, nor any individual to whom they make disclosure shall disclose any Confidential or Highly Confidential Discovery Materials covered under this Order except for the purposes of preparing for and prosecuting this litigation.

20. This Order shall survive settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction to enforce the terms of this Order. Upon conclusion of this action as to all Parties (including appeals), all Confidential or Highly Confidential Discovery Materials or copies of such Confidential or Highly Confidential Discovery Materials (except copies admitted into evidence) shall be disposed of and/ or returned to the Producing Party according to the dictates of a final Order of the Court.

21. This Order may be modified by mutual agreement of the Parties. Such modification shall be in writing and signed by all Parties.

Signed: August 4, 2008

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge

**EXHIBIT A**

## CERTIFICATION

The undersigned hereby certifies that he/she has received and read the Stipulated Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

_____

Name: _____

Date: _____